IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD C. HUGLER,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT GAUDIN, individually and as<br>Chief Executive Officer of Holland Acquisitions, Inc.<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No.<br>)<br>)<br>)<br>)　Electronically Filed<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, United States Department of Labor ("Plaintiff" or "the Acting Secretary") brings this action to enjoin Defendant, ROBERT GAUDIN, individually, and as Chief Executive Officer of Holland Acquisitions, Inc., from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter referred to as "the Act," and for a judgment against Defendant in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendant pursuant to the Act and for liquidated damages in an amount equal to the back wages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Robert Gaudin is, and at all relevant times was, the Chief Executive Officer of Holland Acquisitions, Inc., a corporation with an office and place of business at 90 West Chestnut Street, Washington, PA 15301, within the jurisdiction of this Court.  The company is headquartered in Fort Worth, TX and maintains Regional Offices in Texas, Colorado, Oklahoma, and Pennsylvania.  Holland provides title abstracting services to companies within the oil and gas industries. Plaintiff's claims seek relief for all employees working as Title Abstractors, Title Examiners, and Landmen who were misclassified as independent contractors and who worked within the State of Ohio, the Commonwealth of Pennsylvania, and/or the State of West Virginia since August 2012. This group of employees for whom the Secretary seeks back wages and liquidated damages are hereinafter referred to as "employees" or "Title Abstractors, Title Examiners, and Landmen."

III.

Defendant Robert Gaudin has actively controlled and managed Holland Acquisitions, Inc., regulated the employment of persons employed at Holland Acquisitions, Inc., and acted directly and indirectly in the interest of the aforementioned corporation in relation to the employees, and is thus an employer of said employees within the meaning of Section 3(d) of the Act.  Defendant Robert Gaudin set policies affecting hiring, scheduling, and terminating Holland employees, including but not limited to Title Abstractors, Title Examiners, and Landmen. Defendant Robert Gaudin is partially responsible for Holland's policy of misclassifying its workers classified as Title Abstractors, Title Examiners, and Landmen as Independent Contractors and not paying the workers at issue in this matter a premium for overtime hours

worked. Defendant Robert Gaudin directly owns 35% of Holland Acquisitions, Inc. and owns an additional percentage through a partnership with a private equity firm.

IV.

The business activities of Holland Acquisitions, Inc. and Robert Gaudin, as described, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

V.

Defendant Robert Gaudin has employed and is employing employees in and about his places of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees engaging in interstate commerce between Holland Acquisitions, Inc.'s Washington, PA and Fort Worth, TX locations, as well as Pennsylvania-based employees who conduct work in Ohio.  The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 at all relevant times. Therefore, Defendant Robert Gaudin's employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

VI.

Defendant Robert Gaudin has, since at least August 2012, willfully and repeatedly violated and continues to willfully violate the provisions of Sections 7 and 15(a)(2) of the Act, by employing certain of his employees employed at the business and engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for certain workweeks longer than those prescribed by Section 7 of the Act without compensating said employees for their

employment in excess of the prescribed hours in said workweeks at rates not less than one and one-half times the regular rates at which they were and are employed.

VII.

The pay records of Holland Acquisitions, Inc. indicate that certain of Robert Gaudin's employees worked in excess of forty hours for certain workweeks without receiving overtime premium pay. The overtime violations by Defendant resulted from but are not limited to the following practices:

    a.    Robert Gaudin employed, among other positions, Title Abstractors, Title Examiners, and Landmen whose work collectively included research of land deeds to determine ownership of mineral rights, the writing and review of reports, and other tasks.  These, and possibly other employees, were misclassified as independent contractors by the Defendant.  As a matter of economic reality, the Title Abstractors, Title Examiners, and Landmen were dependent upon Holland for their employment and were employees under the Act.  The Title Abstractors, Title Examiners, and Landmen did not exhibit the characteristics necessary for independent contractor status, in that they had no capital investment in Defendant, they did not exhibit managerial skill and initiative in marketing or managing a business, they were subject to control by Defendant, they had no opportunity for profit or loss, and they rendered services integral to the Defendant's business.

    b.    Defendant paid, and continues to pay, the Title Abstractors, Title Examiners, and Landmen a non-negotiable day rate pro-rated by hour for each hour of work reported, up to eight hours per day. Hours worked in excess of 8 per day and hours worked on weekends or holidays normally are uncompensated.  On those rare occasions where hours worked over 40 in a week

are compensated, Defendant did not pay his Title Abstractors, Title Examiners, and Landmen a premium for overtime hours worked.

VIII.

Defendant has willfully and repeatedly violated, and continues to willfully violate, the provisions of Sections 11(c) and 15(a)(5) of the Act in that said Defendant failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendant failed to keep accurate employee time records during the time period from at least August 2012 through to the present and failed to post notices explaining the Act as required by 29 C.F.R. § 516.4.

IX.

Since at least August 2012 through to the present, Defendant has willfully and repeatedly violated the provisions of the Act as alleged in paragraphs VI, VII, and VIII above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

X.

As a result of the violations alleged in paragraphs VI, VII, and VIII above, amounts are owing for Defendant's current and former employees including the persons specifically listed in the attached Schedule A to the Acting Secretary's Complaint.

XI.

A judgment granting recovery of said amounts, together with an additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, the Acting Secretary prays for judgment against Defendant Robert Gaudin pursuant to Section 17 of the Act permanently enjoining and

restraining Defendant, his officers, agents, servants, employees, and those persons in active concert or participation with Defendant who receives actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act.

The Secretary further demands judgment pursuant to Section 16(c) of the Act, finding Defendant Robert Gaudin liable for unpaid overtime compensation due Defendant's employees and for liquidated damages equal in amount to the unpaid compensation found due to certain present and former employees listed in the attached Schedule A for the period from August 2012 through the date of judgment. Additional back wages and liquidated damages may also be owed to certain present and former employees presently unknown to the Secretary for the period covered by this Complaint, and the Secretary demands judgment pursuant to Section 16(c) of the Act finding Defendant liable for unpaid overtime compensation due to such employees who are not currently listed on the Schedule A for the period from August 2012 through to the date of judgment.

Further, Plaintiff demands pursuant to Section 17 of the Act an order enjoining and restraining the Defendant Robert Gaudin and his officers, agents, servants, employees, and those persons in active concert or participation with the Defendant, from withholding payment of unpaid back wages found due Defendant's employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621 from the date said unpaid amounts became due until the date of judgment.

Plaintiff prays for an Order granting any further relief as may be necessary and appropriate, including an order that Defendant Robert Gaudin be required to locate affected employees and cooperate with Wage and Hour in distributing any amounts found to be owed to affected employees as a result of the violations alleged in paragraphs VI, VII, and VIII.

Plaintiff prays for the award of post-judgment interest as authorized by 28 U.S.C. § 1961.

FURTHER, the Secretary prays that this Honorable Court award costs of this action in his favor.

          Respectfully submitted,

          Nicholas C. Geale
          Acting Solicitor of Labor
          Oscar L. Hampton III
          Regional Solicitor

          s/ Andrea Luby
          Andrea Luby
          Senior Trial Attorney
          PA ID # 321609
          luby.andrea@dol.gov

          s/ Jennifer L. Bluer
          Jennifer L. Bluer
          Attorney
          PA ID #307299
          Bluer.jennifer.l@dol.gov

          s/ John Nocito
          Senior Trial Attorney
          PA ID #87973

          Office of the Solicitor
          Suite 630E, The Curtis Center
          170 S. Independence Mall West
          Philadelphia, PA 19106-3306
          (215) 861-5146
          (215) 861-5162 (fax)

          U.S. DEPARTMENT OF LABOR

          Attorneys for Plaintiff