IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT GAUDIN, Individually and as Chief Executive Officer of Holland Acquisitions, Inc.<br><br>Defendant. | 2:17-cv-366<br>**ELECTRONICALLY FILED** |

## OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to both the claim-splitting doctrine and Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7 ("Motion").) For the reasons that follow, the Motion is granted on the terms set forth in this Opinion.

### I. Background

The Secretary of Labor ("Secretary") filed this case against Robert Gaudin ("Defendant") in his individual capacity and as Chief Executive Officer of Holland Acquisitions, Inc., ("Holland") under the Fair Labor Standards Act ("FLSA"). (Compl., ECF No. 1.) The Secretary seeks to recover purported unpaid back wages from Defendant, alleging that he was a responsible officer of Holland and is thus individually liable for any wages owed. (*Id.*) The Secretary is simultaneously maintaining just such an action with this same Court against Holland itself and another senior officer, Bryan Gaudin, at *Acosta v. Holland Acquisitions, Inc.*, No. 2:15-

cv-1094 (W.D. Pa.). In both of his pending cases, the Secretary specifically alleges that Holland misclassified certain employees as independent contractors, and that alleged misclassification resulted in Holland's failure to compensate such individuals for overtime worked, in violation of §§ 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA. The Secretary also seeks identical relief in both cases: injunctive relief and monetary damages.

The relationship between this case and *Holland Acquisitions* is at the heart of Defendant's Motion, so some facts surrounding *Holland Acquisitions* are relevant here. The Secretary filed a complaint against Holland and its Chief Operating Officer, Bryan Gaudin, on August 20, 2015. (*Holland Acquisitions*, ECF No. 1.) The Secretary amended that complaint on November 13, 2015, but he did not add or replace any named defendant. (*Id.*, ECF No. 21.) After filing a motion to amend, followed by full briefing and oral argument by the parties, the Court granted the Secretary leave to file his Second Amended Complaint. (*Id.*, ECF Nos. 44, 46, 51, 54, 55.) The Secretary filed the Second Amended Complaint on July 18, 2016, but the Secretary did not add or replace any named defendant. (*Id.*, ECF No. 57.) On July 7, 2017, the Secretary filed a Motion to Amend/Correct "Schedule A," which is a list attached to the original and both amended complaints that provides names of individuals allegedly affected by the purported FLSA violations. (*Id.*, ECF No. 105.) Again, the Secretary did not seek to add or replace any named defendant. The Court granted that motion as well. (*Id.*, ECF No. 132.) Thus, the Secretary has been granted three (3) opportunities to amend in his first filed case with nary a mention of claims against Robert Gaudin. Nor has the Secretary provided any indication in his prior four (4) Complaints, including the one at issue here, of unlawful conduct by Robert Gaudin, as we will see below.

The Complaint in this case is nearly identical to the Second Amended Complaint in *Holland Acquisitions*. (*Compare* ECF No. 1, *with Holland Acquisitions*, ECF No. 57.) Most importantly, both refer to the same alleged violations, during the same time frame, at and by the same company. To boil it down, this is a separate action that comes two years later against a company's CEO for the very same FLSA overtime compensation violations that the Secretary is already litigating against the company's COO and the company itself.

The Defendant in this case has moved to dismiss the Complaint on two grounds. First, he asks the Court to dismiss this case asserting that the Secretary has impermissibly sought to "split" what is really a single case into two cases. In the alternative, he asks the Court to dismiss the Complaint without prejudice for the Secretary's failure to plead with sufficient detail to state a plausible claim for relief. The Secretary opposes the Motion asserting that this case can stand on its own two feet since Defendant has individual liability under the FLSA, and, in any event, the Complaint sufficiently pleads the FLSA claims asserted.

## II. Legal Standard

The plausibility standard governing motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires courts to "accept all factual allegations [in the complaint] as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint need only contain "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). While a plaintiff is not required to plead detailed factual allegations, a complaint must nevertheless plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). While "[t]he plausibility

3

standard is not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint containing only "naked assertions devoid of further factual enhancements" will not survive a 12(b)(6) motion to dismiss. *Id.* Thus, "labels and conclusions" are not enough to survive a motion to dismiss, and the "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## III. <u>Analysis</u>

### A. Claim-Splitting

The claim-splitting doctrine prohibits plaintiffs from "maintain[ing] two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (citing *United States v. Haytian Republic*, 154 U.S. 118, 123–24 (1894)). "The long-standing rule against improper claim splitting prohibits a plaintiff from prosecuting his case piecemeal and requires that all claims arising out of a single alleged wrong be presented in one action." *Prewitt v. Walgreens Co.*, No. 12-6967, 2013 WL 6284166, at *5 (E.D. Pa. Dec. 2, 2013). The claim-splitting doctrine is widely considered derivative of the res judicata doctrine. *See Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 986 (10th Cir. 2002) (noting "more recent cases analyze claim-splitting as an aspect of res judicata"); *Davis v. Sun Oil Co.*, 148 F.3d 606, 613 (6th Cir. 1998) (per curiam) (describing claim-splitting as "the 'other action pending' facet of the res judicata doctrine"); *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365 (7th Cir. 1988) ("This application of the doctrine of res judicata prevents the splitting of a single cause of action and the use of several theories of recovery as the basis for separate suits.").

4

A court must "carefully insure[] [sic] that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." *Walton*, 563 F.2d at 71. Specifically, this Court must be wary of the Secretary seeking to "use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints." *Id.* at 71 (referencing Fed. R. Civ. P. 15). A court's decision to dismiss a new complaint under the claim-splitting doctrine is subject to the abuse of discretion standard of review. *Schneider v. United States*, 301 F. App'x 187, 190 (3d Cir. 2008).

The claim-splitting doctrine in this Circuit "applies when two cases: (1) take place in the same court; (2) with the same defendants; (3) involving the same subject matter." *McKenna v. City of Philadelphia*, 304 F. App'x 89, 92 (3d Cir. 2008); *Walton*, 563 F.2d at 70. The cases need not be actually identical to involve the same subject matter. *McKenna*, 304 F. App'x at 92. When the difference between the two cases is "purely semantic" and both cases rely on "the same operative facts and legal principles," the cases involve the same subject matter. *Id.*

It is clear that these two cases take place in the same court and involve the very same subject matter. This leaves the question of whether both cases involve the same defendants. *See McKenna*, 304 F. App'x at 92; *Walton*, 563 F.2d at 70. The claim-splitting doctrine's kinship to the res judicata doctrine directs that the rules of privity as applied to res judicata also apply to the claim-splitting analysis. *See Lewis v. O'Donnell*, 674 F. App'x 234, 237 n.5 (3d Cir. 2017) (noting privity between individuals and a corporation in the context of res judicata); *Egli v. Strimel*, No. 16-3693, 2017 WL 1508989, at *4 (E.D. Pa. Apr. 27, 2017) (finding privity between chairman of an entity and that entity given the relationship "provides the basis for Plaintiff's claims" against the chairman); *see also Frederick Banks v. State Farm*, No. 13-1152, 2013 WL

5

6058471, at *5 (W.D. Pa. Nov. 18, 2013) (holding the later-filed case involved improper claim-splitting under *Walton* even though it added an additional individual defendant because the added defendant's alleged individual liability hinged on his role within the Bureau of Prisons and involved "the same operative facts and legal theories" applied to other defendants within the Bureau of Prisons).

As a preliminary matter, the FLSA imposes liability for violations of its overtime provisions on individuals who act as an employer in relation to certain employees, and Defendant here, as pled, may be a proper individual defendant under the FLSA. 29 U.S.C. § 203(d); *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 417 (3d Cir. 2012). But Defendant's liability, if any, arises only if the same individuals in the earlier case for whom the Secretary seeks relief have not been properly paid under the FLSA and Defendant is found to have acted as an employer in relation to those individuals in accordance with § 203(d). By statute, he too may be liable for the very same unpaid wages for which Holland and fellow corporate officer Bryan Gaudin may be liable. First and foremost, however, there must be a determination that Holland owed such wages and then failed to pay them, because the only way that Defendant can be liable is by virtue of the management role that he allegedly exercised within Holland. Holland is already the lead defendant in the first case, in which these core questions will be resolved.

While Defendant may have distinct individual liability for the payment of statutorily required but as-of-yet unpaid wages, that liability turns directly on the company's (Holland's) alleged failure to pay those wages. And Defendant would be in the FLSA soup solely by virtue of his role within Holland. Whether it is labeled "privity" or not, the reality is that it is

Defendant's relationship with Holland, the lead party in the first case, that makes him a target of the Secretary's litigation arrows in the second case.

The Secretary's piecemeal litigation strategy appears to put the Court in the exact predicament that the claim-splitting doctrine aims to avoid. As Magistrate Judge Christopher Burke observed:

> [V]ery often the doctrine of claim-splitting applies to bar a plaintiff from filing a new lawsuit after the court in an earlier action denied leave to amend the complaint to add those same claims. In such circumstances, the second-filed suit is often not permitted to go forward—not only to prevent plaintiffs from circumventing prior court orders, but also because such circumstances tend to suggest that the claims raised in the second suit could well have been pursued in the prior litigation.

*Leonard v. Stemtech Int'l, Inc.*, No. 12-86-LPS-CJB, 2012 WL 3655512, at *8 (D. Del. Aug. 24, 2012) (citations omitted), *adopted by* 2012 WL 4591453 (D. Del. Sept. 28, 2012), *aff'd in part and vacated in part on other grounds*, 834 F.3d 376 (3d Cir. 2016). The Secretary made the choice not to file a motion to amend the complaint in *Holland Acquisitions* to add Defendant to the first case (although he has filed a boatload of amendment motions to do other things). Maybe the Secretary made that choice because the deadline to amend pleadings had long ago gone by. Maybe the Secretary, realizing that he had already repeatedly sought leave to amend his pleadings in the face of objections of the opposing parties, figured more objections awaited him. Perhaps hypothesizing that the Court might be less than amenable to yet another amendment request that sought to add another defendant well after significant amounts of discovery occurred, the Secretary filed an entirely new action in order to dodge those issues. But, the Secretary may not avoid a possible negative ruling by filing a wholly separate case. *Schneider*, 301 F. App'x at 190. The law requires the Secretary to roll those dice at the table where he is

already seated. To the extent that the Secretary may disagree with the Court's ruling on a motion—any motion—his remedy is an appeal, not more lawsuits. *Id.*

A district court has the "power to administer its docket and dismiss a suit that is duplicative of another suit in federal court." *Schneider*, 301 F. App'x at 190. This Court must exercise that power here; however, that does mean that the case must be dismissed with prejudice. Our Court of Appeals looked at just this issue in *McKenna* and mapped the path for this Court. In these circumstances, the Court should either stay this case or dismiss it without prejudice. *See McKenna*, 304 F. App'x at 93. Then, the Secretary can opt to do what he should have done initially under *McKenna*, *Walton*, and the Federal Rules of Civil Procedure: seek to amend his claims in the first case, *Holland Acquisitions*, to assert these claims against Robert Gaudin, and persuade the Court that he should be permitted to do so.

## B. Sufficiency of Pleadings

Defendant's second argument narrows down the two possible outcomes of this Motion to one: dismiss the Complaint without prejudice to see if the Secretary can plead his claims in a non-conclusory fashion. The Court agrees with Defendant that the Complaint as now pled embodies a pleading filled with conclusory allegations and not the requisite "showing" of a plausible claim for relief. *Fowler*, 578 F.3d at 210. The Complaint alleges that Defendant, in his position as CEO of Holland,

> actively controlled and managed Holland Acquisitions, Inc., regulated the employment of persons employed at Holland Acquisitions, Inc., and acted directly and indirectly in the interest of the aforementioned corporation in relation to the employees, and . . . set policies affecting hiring, scheduling, and terminating Holland employees, including but not limited to Title Abstractors, Title Examiners, and Landmen. Defendant Robert Gaudin is partially responsible for Holland's policy of misclassifying its workers classified as Title Abstractors, Title Examiners, and Landmen as Independent Contractors and not paying the workers at issue in this matter a premium for overtime hours worked. Defendant Robert

8

Gaudin directly owns 35% of Holland Acquisitions, Inc. and owns an additional percentage through a partnership with a private equity firm.

ECF No.1, ¶ III. These statements fail under *Fowler*. The Secretary's Complaint may show factual allegations of ownership and broad control in the company, but "common ownership or membership in a common enterprise is insufficient" to yield liability under the FLSA. *Richardson v. Bezar*, No. 15-0772, 2015 WL 5783685, at *2 (E.D. Pa. Oct. 5, 2015).

The Secretary argues that the power to prevent an FLSA violation, and thus become individually liable, can be inferred from one's title, ownership, or control. This is an oversimplification of the "economic reality" test, which requires the Court to look at "the totality of the circumstances rather than [at] 'technical concepts of the employment relationship'" in order to determine the existence of individual liability. *Haybarger*, 667 F.3d at 418 (quoting *Hodgson v. Arnheim & Neely, Inc.*, 444 F.2d 609, 612 (3d Cir. 1971)). Accepting the Complaint's factual allegations as true and drawing inferences in favor of the Secretary as the plaintiff, the Complaint fails to reach the requisite level of particularity as to what this Defendant did (and when and how he did it) to support individual liability as to him, and it will be dismissed without prejudice.

## IV. Conclusion

For these reasons, the Motion to Dismiss is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE. If the Secretary wants to pursue these claims, he must do so by filing a Motion for Leave to Amend in Case No. 2:15-cv-1094,[1] attaching a copy of the proposed Amended Complaint that sets forth the necessary showing of factual plausibility of the claims he

---

[1] The Court concludes that it would be a colossal waste of time and resources to stay this action. Further discovery, and other significant litigation activity, will be taking place in 15-cv-1094, and whether Robert Gaudin as an individual will be in the mix should be resolved one way or another now, not later.

9

seeks to assert against Robert Gaudin. Any such filing shall be made on or before November 8, 2017. Should that not occur, this dismissal without prejudice will be converted to a dismissal with prejudice without further Order or notice as of November 9, 2017.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: October 18, 2017

cc: All counsel of record